UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE HICKS,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

25-CV-2564 (CS)

21-CR-293-3 (CS)

ORDER OF DISMISSAL

---

CATHY SEIBEL, United States District Judge:

Movant Wayne Hicks, who is currently incarcerated at FCI Otisville, brings this *pro se* motion under 28 U.S.C. § 2255, challenging the legality of his sentence entered in *United States v. Hicks*, No. 21-CR-293-3 (CS) (S.D.N.Y. Apr. 10, 2024). For the reasons set forth below, the Court denies the motion.

**STANDARD OF REVIEW**

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260

2

F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**DISCUSSION**

Movant pleaded guilty to conspiracy to commit Hobbs Act robbery; Hobbs Act robbery; using a facility in interstate commerce to commit a crime of violence in furtherance of unlawful activity; conspiracy to distribute marijuana; and possession of a firearm in furtherance of a drug trafficking crime, and his judgment of conviction was entered on April 10, 2024. (ECF No. 150.)[1] He appealed to the United States Court of Appeals for the Second Circuit, (ECF No. 151), and that appeal is pending. *See United States v. Hicks*, No. 24-951 (2d Cir.). The Court declines to address the merits of Movant's Section 2255 motion because of his pending direct appeal.

A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion. *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006), because "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity," *Outen*, 286 F.3d at 632; *see* Advisory Committee's Note to Rule 5 of the Rules Governing Section 2255 Proceedings ("There is no requirement that the movant exhaust his remedies prior

---

[1] All docket references are to No. 21-CR-293.

3

to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").

Because Movant has a pending direct appeal before the Second Circuit, this Section 2255 motion is premature. The Court denies the Section 2255 motion without prejudice to Movant's refiling it after disposition of the direct appeal, should relief still be necessary.

Dismissal is particularly appropriate here, because Movant claims that his attorney was ineffective for failing to file a notice of appeal. If that were so, and the failure resulted in Movant missing out on his opportunity to appeal, the remedy would be give him that opportunity. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."); *Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006) ("[A] lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable, and . . . where counsel's error leads to the forfeiture of a proceeding itself, prejudice will be presumed. When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit.") (cleaned up). But Movant is currently pursuing his appeal (with new counsel) and has not missed out. There is thus no remedy this Court can supply and no remedy Movant needs.

## CONCLUSION

The Court denies the § 2255 motion without prejudice as prematurely filed. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). The Clerk of Court is respectfully directed to close No. 25-CV-2564.

4

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 31, 2025
        White Plains, New York

_____
CATHY SEIBEL
United States District Judge